<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE MATOS PEGUERO,

          Petitioner,

          v.

WARDEN, FCI FT. DIX,

          Respondent.

Civil Action No. 24-7080 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Vladimir Rivas-Rivas pursuant to 28 U.S.C. § 2241. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

I.    <u>**BACKGROUND**</u>

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, Petitioner initially argues that he has been subjected to an invalid BOP program which prevented those subject to immigration detainers from earning credits under the First Step Act towards early supervised release. (*See id.* at 10-11.) Petitioner, however, goes on to present further argument in which he asserts that he had previously been

permitted to earn 170 days of good time credit under the Act, but was deprived of those FSA credits after he received a final order of removal while still in federal custody. (*Id.* at 15-16.) Petitioner believes this loss of credits was improper because he believes the FSA does not hinge credit eligibility on immigration status. (*Id.*) Although Petitioner filed an administrative remedy with the BOP as to this issue before filing his habeas petition, that remedy form was still pending at the time the petition was filed. (ECF No. 1 at 2.) Therefore, Petitioner did not exhaust his claims before filing suit in this matter. (*Id.*)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.  DISCUSSION

In his current petition, Petitioner argues that the BOP should be required to consider him eligible for First Step Act good time credits and both return to him the 170 days of credits he can

2

no longer apply and permit him to earn further credits. To the extent Petitioner argues it was improper to deny him credits solely on the basis of an immigration detainer, the policy that caused that harm was rescinded in the spring of 2023, more than a year before the petition was filed. *See* U.S. Dep't of Justice, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 2, 2023). Indeed, Petitioner himself states that, prior to his order of removal, he earned 170 credits under the Act notwithstanding any immigration detainer. Thus, Petitioner's immigration detainer claim appears to be, at best, moot.

More to the point, Petitioner readily admits that he only lost those credits and the ability to earn further credits after an order of removal, which Petitioner also calls an order of deportation, was entered against him. While Petitioner believes the First Step Act is mandatory and blind regardless of immigration status, he is mistaken. While the Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). Because Petitioner admits he has received an order of removal, he is neither eligible to earn further credits, nor can he apply the 170 days of previously earned credits. Petitioner's contention that he is being improperly denied credits is thus without merit.

Even had Petitioner not admitted that he has received an order of removal which renders him statutorily ineligible to earn or apply FSA credits towards early release, this Court would still

be barred from granting him relief as Petitioner did not fully exhaust his claims prior to filing this habeas matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because the BOP has the authority to correct credit issues, and Petitioner would have fully received an explanation as to his ineligibility had he fully exhausted his claims, and because Petitioner has not otherwise shown that exhaustion would be futile, he was required to exhaust his claims, and his failure to fully do so prior to filing this matter requires this Court to dismiss his petition without prejudice.

IV. **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

4